IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JENNIFER J. MESSER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-566-SM |
| ) | |
| **KILOLO KIJAKAZI,** ) | |
| Acting Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Jennifer J. Messer (Plaintiff) seeks judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(c). Docs. 12, 13. Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings, arguing the Administrative Law Judge (ALJ) erred first, by finding Plaintiff's inflammatory arthritis non-severe and second, by finding one physician's opinion less persuasive than those of the state agency physicians. Doc. 14, at 12, 25. After a careful review of the

administrative record (AR), the parties' briefs, and the relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).[1]

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.

### C. Relevant findings.

#### 1. Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 23-30; *see* 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since September 16, 2019, the alleged onset date;

(2) had the following severe impairments: degenerative disc disease and fracture of a lower extremity;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the residual functional capacity[2] (RFC) to perform light work, except that she could lift up to twenty pounds occasionally and ten pounds frequently; could stand or walk for six hours and sit for six hours in an eight-hour workday, given normal breaks; could never climb ladders, ropes, or scaffolds; and could occasionally stoop;

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

    (5)    was unable to perform any past relevant work;

    (6)    could perform jobs that exist in significant numbers in the national economy; and so,

    (7)    had not been under disability since September 16, 2019.

AR 23-29.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 6-8, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). A decision is not based on substantial evidence "if it is overwhelmed by other

evidence in the record." *Wall*, 561 F.3d at 1052. The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013).

### B. Issues for judicial review.

Plaintiff claims the ALJ erred (1) by finding Plaintiff's inflammatory arthritis to be non-severe in a decision Plaintiff alleges was unsupported by substantial medical evidence and based on a flawed evaluation of the consistency of Plaintiff's subjective testimony; and (2) by finding the opinions of the state agency physicians to be more persuasive than the opinions of another of Plaintiff's physicians, Dr. Cameron Henderson. Doc. 14, at 12-27.

## III. Analysis.

### A. The ALJ reasonably found Plaintiff's inflammatory arthritis to be non-severe.

#### 1. The ALJ's determination is supported by substantial evidence—in particular, substantial objective medical evidence.

Plaintiff claims the ALJ erred by finding her inflammatory arthritis to be non-severe. She acknowledges that "the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016); Doc. 14, at 12. But Plaintiff argues the ALJ's finding that

5

Plaintiff's arthritis was non-severe created a "ripple effect" resulting in an unreasonable RFC finding that she could perform light work with some additional restrictions. Doc. 14, at 13; *see also supra* § I.C.1. The Court disagrees. The ALJ's RFC finding is supported by substantial objective medical evidence.

Plaintiff argues that the ALJ's finding is unsupported because she did not analyze the findings of her healthcare providers at the rheumatology center or the arthritis center she visited. Doc. 14, at 13-14.

The ALJ attested that she considered the entire record before reaching her decision. AR 22. It is the Court's "general practice" to "take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). And although the ALJ "is not required to discuss every piece of evidence," *Wall*, 561 F.3d at 1067, the Court notes that here the ALJ did cite to Plaintiff's arthritis treatment records. Doc. 20, at 9-10 (citing AR 23, 26, in which the ALJ cited Exhibit 2F, records from the Oklahoma Arthritis Center).

But because the ALJ did not specifically analyze this portion of the record in her findings, Plaintiff characterizes her "discussion of the record" as "superficial." Doc. 14, at 14. To the contrary, the ALJ based her RFC

determination on the findings of state agency physician Dr. Subramaniam Krishnamurthi, reached after a consultative examination with Plaintiff. In so doing, she extensively cited Dr. Krishnamurthi's findings, including those related to Plaintiff's joint health:

> On exam, the claimant showed no edema, cyanosis or clubbing. Cranial nerves II-XII were within normal limits. Motor sensory and reflexes were within normal limits. *The examiner did not find gross deficits, muscle wasting or joint deformities.* The claimant was not using an assistive device to ambulate. Her gait was normal and her muscle strength was 5/5 in all muscles tested. The claimant had normal range of motion in cervical spine, but reduced range of motion in her lumbar spine.

AR 26 (emphasis added). The ALJ found Dr. Krishnamurthi's findings to be probative. *Id.* at 27.

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004) (quoting *U.S. Cellular Tel., L.L.C. v. City of Broken Arrow, Oklahoma,* 340 F.3d 1122, 1133 (10th Cir. 2003)). When "presented with the not uncommon situation of conflicting medical evidence," the "trier of fact has the duty to resolve that conflict." *Richardson v. Perales*, 402 U.S. 389, 399 (1971). Indeed, "[w]e may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a

different choice had the matter been before it de novo.'" *Lax*, 489 F.3d at 1084 (quoting *Zoltanski*, 372 F.3d at 1200). The ALJ's choice, as the Commissioner notes, was to limit Plaintiff to light work, which "involves only minimally strenuous activities." Doc. 20, at 8; *Kirkpatrick v. Colvin*, 663 F. App'x 646, 649 (10th Cir. 2016) (ALJ accounted for breathing condition that precluded strenuous work by limiting him to "light work, which involves only minimally strenuous activities." (citing 20 C.F.R. § 404.1567(b)).

Because the ALJ considered the entire record and cited objective medical evidence, including findings related to Plaintiff's joint health, to support her findings, the Court will not reverse her decision on this basis.

## 2. The ALJ did not err in her consistency determination.

Plaintiff claims the ALJ erroneously found Plaintiff's subjective testimony inconsistent with the objective medical evidence because she omitted Plaintiff's activities of daily living from her analysis. Doc. 14, at 17-18. Soc. Sec. Rul. 16-3p prescribes a two-step process for evaluating a claimant's consistency. The ALJ must first "consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain." SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017). After establishing such an

8

impairment, the ALJ must "evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." *Id.*

At the second step, the ALJ considers several factors to evaluate Plaintiff's consistency, including (1) her daily activities; (2) the location, duration, frequency, and intensity of pain (or other symptoms); (3) precipitating or aggravating factors; (4) any medication taken and its dosage and effects; (5) other forms of treatment; and (6) any "[o]ther factors concerning [her] functional limitations and restrictions due to pain or other symptoms." 20 C.F.R. § 404.1529.

> The ALJ made these findings related to Plaintiff's consistency:
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

AR 26.

Plaintiff argues the ALJ erred by omitting from her analysis Plaintiff's account of her daily activities, which she argues illustrate pain "so severe it caused depression and difficulties concentrating and focusing." Doc. 14, at 17.

9

However, an ALJ need not conduct "a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel,* 206 F.3d 1368, 1372 (10th Cir. 2000). Rather, it suffices to "set[] forth the specific evidence [relied] on in evaluating the claimant's credibility." *Id.*; *see also Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1167 (10th Cir. 2012) ("[C]ommon sense, not technical perfection, is our guide.").

Here, the ALJ relied on objective medical evidence. The ALJ explained:

> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because despite her allegations of disabling symptoms, the claimant's physical exam showed she had normal range of motion in her neck and a normal gait. Although the claimant underwent hip surgery, at her follow-up the claimant's left hip appeared stable. Likewise, despite the claimant's history of lumbar surgery, a physical exam showed the claimant did not have gross deficits, muscle wasting or joint deformities; the claimant was not using an assistive device to ambulate; her gait was normal and her muscle strength was 5/5 in all muscles tested. The claimant had normal range of motion in cervical spine, but reduced range of motion in her lumbar spine. The undersigned considered all the symptoms the claimant alleged and finds they could reasonably result from her impairments, but not to the disabling extent alleged.

AR 26-27 (citations omitted). The ALJ also noted:

> The claimant testified she was unable to work because of symptoms from her impairments. The claimant stated she took medication for her back pain. She stated she was not receiving injections in her back for pain. The claimant stated she constantly has to switch from sitting to standing to help alleviate her pain. She denied currently using an assistive device, but alleged she

10

used one in the past. The claimant alleged undergoing physical therapy for her back pain.

*Id.* at 25.

"[T]he ALJ's credibility findings warrant particular deference." *White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2001), *as amended on denial of reh'g* (Apr. 5, 2002). Because the ALJ listed the evidence she relied on to make her credibility determination—and that evidence comports with the factors set out in § 404.1529—the Court declines to reverse her decision on the ground that she did not discuss evidence relating to every factor. *See Hackett*, 395 F.3d at 1173 ("Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." quoting *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)).

### B. The ALJ reasonably found Dr. Henderson's opinion less persuasive than those of the state agency physicians.

In evaluating a physician's findings, the ALJ does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion . . . including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, she evaluates the persuasiveness of medical opinions by the claimant's physician using five factors, the most important of which are

supportability and consistency. *Id.*; *see also Zhu v. Comm'r of Soc. Sec.*, 2021 WL 2794533, at *5 (10th Cir. July 6, 2021).

> "Supportability" examines how closely connected a medical opinion is to the evidence and the medical source's explanations: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)[,] . . . the more persuasive the medical opinions . . . will be." "Consistency," on the other hand, compares a medical opinion to the evidence: "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be."

*Zhu*, 2021 WL 2794533, at *6 (citations omitted).

Here, the ALJ based her RFC determination on the findings of state agency physician Dr. Krishnamurthi, whose opinion she found "probative." AR 27. The ALJ also acknowledged findings by Dr. Henderson:

> Cameron Henderson, D.O. stated the claimant would miss work because of her impairments about three days or more per month. Dr. Henderson stated the claimant had limited ambulation. He stated the claimant was capable of low stress jobs and that the claimant would frequently experience pain that would interfere with her concentration/attention. He stated the claimant was able to sit, stand/walk for about two hours in an 8-hour workday and had to shift positions at will about four times a day.

*Id.* (citations omitted). Under § 404.1520c, the ALJ found Dr. Henderson's opinion not to be "supported or consistent with the medical evidence." *Id.* Specifically, Dr. Henderson's opinions was inconsistent with the findings of Dr.

12

Krishnamurthi: "Plaintiff was not using an assistive device to ambulate" and "her gait was normal and her muscle strength was 5/5 in all muscles tested with normal range of motion in cervical spine, but reduced range of motion in her lumbar spine." *Id.* (citing *id.* at 453-55). The ALJ therefore found Dr. Henderson's opinion unpersuasive. *Id.*

Plaintiff argues the ALJ cherry-picked just one examination by Dr. Krishnamurthi to demonstrate Dr. Henderson's opinion was inconsistent with the medical evidence. Doc. 14, at 26. The Court does not agree with Plaintiff's characterization. Although the ALJ "must discuss the uncontroverted evidence [s]he chooses not to rely upon, as well as significantly probative evidence [s]he rejects," *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996), "there is no requirement an ALJ 'discuss every piece of evidence.'" *Mays v. Colvin*, 739 F.3d 569, 576 (10th Cir. 2014). The ALJ discussed Dr. Henderson's opinion and explained what evidence she found to contradict it—specifically, the probative findings of Dr. Krishnamurthi. AR 27. And as the Commissioner also points out, examinations performed by Plaintiff's rheumatologist, some cited by the ALJ, were "largely normal" and showed "some tenderness, but generally no swelling" and a "normal gait." Doc. 20, at 6 (citing AR 398, 402, 438); AR 23 (ALJ decision citing Exhibits 2F and 5F). By characterizing the ALJ's analysis

13

as "cherry-picking," Plaintiff essentially asks the Court to find the results of other examinations more credible, thereby reweighing the evidence that was properly before the ALJ. *See Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) ("In reviewing the ALJ's decision, 'we neither reweigh the evidence nor substitute our judgment for that of the agency.'" (quoting *Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991)).

Plaintiff argues the ALJ erred by relying on stale medical opinions predating her arthritis diagnosis. Doc. 14, at 26. However, Plaintiff does not direct the Court to any post-diagnosis records that show a "material change" in her condition that would render those opinions stale. *See Tarpley v. Colvin*, 601 F. App'x 641, 644 (10th Cir. 2015). Plaintiff points to arthritis-center findings from June 2020 through December 2020 "showing an individual who is 'chronically ill' appearing, with 14+ of 18 swollen and tender joints, 14+ of 18 tender points, an antalgic gait, and with pain consistently rated at a 4-6 of 10 with medication." Doc. 14, at 26. But Dr. Krishnamurthi's assessment in January of that same year found "[n]o joint deformities." AR 454. A "[d]iagnosis of a condition does not automatically mean that the claimant is disabled; what matters is whether the condition results in work-related limitations." *Paulsen v. Colvin*, 665 F. App'x 660, 668 (10th Cir. 2016) (citing *Bernal v. Bowen*, 851

F.2d 297, 301 (10th Cir. 1988)). So, setting aside Plaintiff's arthritis diagnosis, the Court is left to review the ALJ's comparison of the functional limitations assessed by various physicians. The ALJ resolved the discrepancy among the medical evidence, as she was entitled to do. *See Richardson*, 402 U.S. at 399 (When "presented with the not uncommon situation of conflicting medical evidence," the "trier of fact has the duty to resolve that conflict.").

Finally, Plaintiff argues the ALJ erred by not analyzing the "most persuasive" factors set forth in 20 C.F.R. § 404.1520c(c). Doc. 14, at 27. However, the ALJ must only analyze those factors when multiple medical opinions "about the same issue are both equally well-supported . . . and consistent with the record." 20 C.F.R. § 404.1520c(b)(3). The ALJ need not have analyzed those factors here because she found Dr. Henderson's opinion to be less supported by and less consistent with the medical evidence. AR 27.

## IV. Conclusion.

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 31st day of May, 2022.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE